THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. RAFAEL GONZÁLEZ RODRÍGUEZ, Defendant and Appellant.

Nos. 10319 and 10320. Argued February 10, 1944.—Decided March 21, 1944.

*José M. Dávila Monsanto* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal)*, and *Luis Negrón Fernández, Assistant Prosecuting Attorney*, for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The appellant was charged with the offense of murder in the first degree committed in Aibonito on June 28, 1936, on the person of Juan Francisco Centeno. He was also charged with voluntary manslaughter because at the same time and place, while he fired the shots that caused the death of Juan Francisco Centeno, one of said shots wounded Isidro Ortiz, as a result of which he died a few days later.

The trial in the murder case began on November 24, 1942, and lasted two days, whereupon he was found guilty of voluntary manslaughter. On December 30, 1942, he was sentenced to eight years' imprisonment at hard labor. On that same day, the defendant, through his counsel, moved the court to call for trial the manslaughter case for the death of Isidro Ortiz, which had been set for January 19 following, in order to waive a jury trial and submit the case to the court on the same evidence introduced in the case where he was sentenced to eight years in the penitentiary. The court granted the motion and then found him guilty and, on petition of the defendant himself, rendered judgment immediately, sentencing him to five years' imprisonment at hard labor, setting forth that the five-year sentence be served concurrently with the one for eight years.

Before proceeding with this opinion we wish to express our most emphatic disapproval for the unjustified delay with which these two cases have been prosecuted. There is no conceivable reason why a man who has illegally killed two persons on June 28, 1936, could not have been tried until November 24, 1942, and after being sentenced by the district court on December 30, 1942, the records on appeal were not sent up to this court until November 20, 1943. It is a discredit to the administration of justice in Puerto Rico that

at this very moment the defendant should still be unpunished, enjoying freedom on bond, as if he had never committed any offense. In justice to the trial judge, we must state that he is not wholly responsible for this delay, inasmuch as he was appointed judge of the district court on June 28, 1941, and we are not sure of the amount of work that was pending in said court. But just the same, there is no apparent justification in letting eleven months elapse before sending the records up to this court, especially after the unjustified delay had in these two cases.

Let us now consider the assignments of error.

The appellant alleges that he was deprived of the right which every defendant charged with felony has to attend the trial. The record shows that the district attorney tried to impeach the credibility of defendant's testimony. The district attorney maintained that the defendant made certain statements on direct examination contrary to those on cross-examination. In order to determine whether the defendant had really made the statements referred to by the district attorney, the stenographic notes of his testimony had to be read, and so as not to refresh defendant's memory with respect to what he had originally testified, the district attorney moved that the defendant be withdrawn from the room while the stenographer read the notes. The court ordered the defendant to withdraw and the defendant remained outside for twelve minutes while the stenographer read the notes. When this was accomplished the defendant returned to the courtroom, but after the notes were read the judge did not allow the district attorney to put his question and this was the end of the incident.

Section 2 of the Organic Act gives a defendant in a criminal prosecution the right to be confronted with the witnesses against him, and §179 of the Code of Criminal Procedure provides that if the prosecution be for felony, the defendant must be personally present at the trial.

In the case of *Snyder* v. *Massachusetts*, 291 U. S. 97, 122. Mr. Justice Cardozo, speaking for the Court, said:

"The law, as we have seen, is sedulous in maintaining for a defendant charged with crime whatever forms of procedure are of the essence of an opportunity to defend. Privileges so fundamental as to be inherent in every concept of a fair trial that could be acceptable to the thought of reasonable men will be kept inviolate and inviolable, however crushing may be the pressure of incriminating proof. But justice, though due to the accused, is due to the accuser also. The concept of fairness must not be strained till it is narrowed to a filament. We are to keep the balance true."

There is no doubt that a defendant charged with a felony has the right to be present at the trial. However, that right is consistent with the purpose of giving him an opportunity to defend himself. If during the absence of the defendant, in the instant case, any evidence had been admitted or any act performed which could have, in some way, affected said opportunity, we would have felt bound to decree a mistrial, reverse the judgment, and grant a new trial. But in the absence of the defendant, what took place was the reading of testimony which the jury had heard a moment before from the defendant himself, and this does not affect his opportunity to defend himself.

The second assignment of error does not merit serious consideration. Appellant alleges that the lower court did not allow his attorneys to make any reference to the record of the trial and to rely thereon for their objections and motions during the trial. However, the truth is that one of the attorneys for the defendant, Mr. Juan Valldejuli, insistently made improper remarks during the introduction of the evidence and at every instance repeated what, according to him, the witnesses for the defense had said or failed to say, thus prompting the answers on the cross-examination made by the district attorney. But the court was ex-

tremely patient, calling the attorney's attention to his improper behavior, so as not to jeopardize justice.

 Finally, the appellant alleges that the evidence is insufficient to support the verdict in both cases. The evidence was contradictory. That for the prosecution tended to show that the act committed was murder, and that for the defense that it was done in self-defense. But the jury in the case for murder, and the judge in that for voluntary manslaughter, settled the conflict against the defendant, and they both found him guilty of voluntary manslaughter. The evidence for the prosecution tended to show that on the night preceding the killing, as testified by a policeman, the defendant, while going down a street in Aibonito together with a friend, stated that Juan Francisco Centeno had slapped him and that he had to take revenge on that negro, meaning Centeno. On the following morning, before Centeno got out of bed, a daughter of his saw the defendant parked in front of their house. Subsequently, at about eight o'clock in the morning, Centeno was standing by his car talking with other chauffeurs on the main street of Aibonito. The defendant arrived and, without saying one word, fired a revolver at Centeno. Centeno fled, but the defendant pursued him and fired three more shots, as a result of which Juan Francisco Centeno died and also Isidro Ortiz, who was in the group together with the deceased. Directly after this, the defendant went to police headquarters where he stated to the district chief, "I want to give myself up, I have just killed that negro, Centeno." When the chief asked him why he had killed him, he answered: "I am too excited, I can not explain now."

In our opinion, the incriminating evidence which the jury ¹ the trial judge had before them was sufficient to support the conviction in both cases.

Since the errors assigned by the defendant have not been committed, the judgments appealed from will be affirmed.